



***NOT FOR PUBLICATION***

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re ) Case No. 10-25988-E-7
) Docket Control No. DNL-2
JENNIE CHAIA CHIN CHIENG, )
)
       Debtor. )
)
_____ )

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM OPINION AND DECISION

    The Motion to Determine Excessive Payment to Debtor's Counsel has been set for hearing on the notice required by Local Bankruptcy Rule 9014-1(f)(1). The Debtor having filed an opposition, the parties having filed supplemental pleadings, arguments presented, and the matter taken under submission, the court rules on the merits of the motion.

### MOTION TO DETERMINE EXCESSIVE PAYMENT

    The Chapter 7 Trustee seeks an order requiring the return of Debtor's $5,000.00 pre-petition payment to her attorney as an excessive fee for the Chapter 7 bankruptcy case. The case was originally filed as a Chapter 13 case, and at the time of filing the Statement of Financial Affairs, Chapter 13 Plan, Schedules I and J, and Form 22C (Means Test) were not filed with the court.

These required pleadings, excluding a Chapter 13 plan, were filed on April 8, 2010, following the Debtor's election to convert this case to one under Chapter 7.

When the Debtor filed bankruptcy she was operating the business known as Sub Express, located at 4301 Truxel Road, Sacramento, California. The Movant directs the court to the Debtor's Schedules I and J in this case, showing current income of $7,789.51 a month and current expenses of $10,460.53, for a monthly net loss of $2,671.02.

The Trustee alleges that much of the work being done post-petition for the Debtor was legal work for her to retain her business through the Chapter 7 case, and not for prosecution of the Chapter 13 case or any Chapter 13 Plan. The Trustee, as successor to the Debtor, asserts the right to cancel any pre-petition contract of the Debtor, including that with her counsel for services relating to the $5,000.00 retainer which counsel for the Debtor received. 11 U.S.C. §329(b)(1)(A). The Trustee also asserts the right to recover the $5,000.00 retainer as provided in Rule 2017(a), Federal Rules of Bankruptcy Procedure.

The Trustee argues that it was clear that the bankruptcy proceeding commenced by the Debtor had to result in a Chapter 7, that the fees received by counsel for the Debtor are well in excess of reasonable fees for a Chapter 7 case, and that counsel for the Debtor should disgorge the entire $5,000.00.

The Debtor has filed an opposition to the Motion and describes the legal services and strategy as follows:

- The initial consultation with the Debtor took approximately 2 hours.

— Debtor filed the Chapter 13 case to delay a pending foreclosure, and filed under Chapter 13 because she could delay the foreclosure and stay in possession of her home longer than if she started with a Chapter 7 filing.

— The Debtor desired to maintain her restaurant, and believed it was profitable, but did not have the financial information when she was faced with having to file bankruptcy to stay the pending foreclosure sale.

— The Debtor's intake appointment occurred on March 10, 2010, and the bankruptcy was filed on March 11, 2010, less than one-hour before the scheduled foreclosure sale.

— The Debtor provided the financial information to Debtor's counsel on March 24, 2010, which reflected a negative financial condition, and scheduled an appointment for March 29, 2010, with Debtor's counsel to consider her options on how to proceed.

— On March 29, 2010, counsel for the Debtor and the Debtor met for approximately 2 hours.

— On April 8, 2010, the case was converted to one under Chapter 7.

— After April 8, 2010, counsel for the Debtor addressed post-Chapter 7 issues concerning the Debtor retaining her business and having the Trustee abandon the business assets to the Debtor. On April 29, 2010, the abandonment was approved by the court. Counsel for the Trustee appeared at the hearing to state on the record that the Trustee had no opposition to the requested abandonment.

## REAL ISSUES BEFORE THE COURT

The Trustee and Debtor expend time and argument over the strategy and tactics of the Debtor in trying to maintain her business and get it abandoned by the Chapter 13 Trustee. The court appreciates that there is an intricate ballet which occurs in Chapter 7 cases in which the debtor is a sole proprietor and has a business of no intrinsic value for a trustee. This ballet requires debtor's counsel to move quickly to protect the interests of his or her client, as well as to move the case forward so as not to expose the Chapter 7 trustee to liability for an operating business in the Chapter 7 estate which is not under the trustee's control.

What the Trustee has presented to the court is that Debtor's counsel has received a retainer of $5,000.00, which such counsel intended to have approved as a "no-look" business Chapter 13 fees pursuant to General Order 05-03, Paragraph 4. Such fees are received, and held by counsel for the Debtor, as a retainer subject to the jurisdiction of the court and confirmation of the Chapter 13 Plan.

Though counsel for the Debtor generates a contract with a debtor client stating that the $5,000.00 retainer is non-refundable, fees to be paid counsel for legal services provided to a debtor are subject to review and approval by this court. As stated by the Trustee, and reflected in various provisions of the Bankruptcy Code, the financial dealings between a debtor and his/her counsel are subject to close review by the bankruptcy court, even in the situation where the transaction may not be subject to review under state law. An example is 11 U.S.C. §502(b)(4) which subjects any claim of an attorney for the debtor subject to disallowance if it exceeds the reasonable value of the services, as a matter of bankruptcy law. An attorney cannot insulate himself from court review or divert pre-petition assets of the debtor by characterizing them as non-refundable fees paid to the attorney for future services.

Counsel for the Debtor has provided a supplemental declaration and a reconstructed fee statement. In the declaration, counsel for the Debtor identifies several distinct areas for which service was provided. The first relates to analyzing the Debtor's business information and whether a Chapter 13 was possible. Counsel's initial meeting with the Debtor took two hours, but was not billed

to the client. The declaration identifies that there was an issue relating to the Debtor's husband's pre-marital retirement account. This required additional research and review by counsel.

Using the reconstructed statement, counsel seeks to recover fees relating to the Chapter 13 and Chapter 7 services by the following persons in his office:

| | | |
|---|---|---|
| Gary Ray Fraley | 8.2 Hours @ $360.00 an hour = | $2,952.00 |
| Julio Hernandez | 1.0 Hours @ $300.00 an hour = | $  300.00 |
| Robert Gee | 7.5 Hours @ $ 90.00 an hour = | $  675.00 |
| | Total Chapter 7 and 13 Services | $3,927.00 |

Additional fees sought are:

| | |
|---|---|
| Analysis of husband's pre-marital retirement benefits (1 hour, Fraley) | $  360.00 |
| Loan modification review and advice (0.5 hours, Fraley) | $  180.00 |
| Motion to compel abandonment (2.5 hours Fraley) (3.0 hours Hernandez) | $1,800.00 |
| Total additional fees | $2,340.00 |

Gary Fraley is a well know, active consumer attorney who was admitted to practice in 1978 and obtained a Certification from the California State Bar as a Bankruptcy Law Specialist in 2001.

Robert Gee is identified as a case analyst, without an explanation of his background or experience. For the work deemed "clerical," payment of fees for Mr. Gee is not requested. Mr. Gee did meet with the Debtor, reviewed the information she provided, and put the information in the Schedules and Statement of Financial Affairs. Three hours of Mr. Gee's time is presented for compensation for meeting with the Debtor and filling in the information on the Schedules and Statement of Financial Affairs.

Mr. Gee is also identified as meeting with the Debtor the

5

morning of the filing to go over the skeletal paperwork and calling the foreclosure trustee to give notice of the bankruptcy. There is one hour of time for which compensation is sought for these services.

After the filing, the Debtor brought in more information over several meetings, which Mr. Gee placed in the schedules. Counsel is seeking two and one-half hours of time for these services of Mr. Gee.

Fees for services provided by Julio Hernandez are also sought in the amount of $1,500.00 ($300 an hour x 5 hours). No information is provided as to Mr. Hernandez's experience or why fees are requested at an hourly billing rate comparable to Mr. Fraley's. The court has no idea of whether Mr. Hernandez has been practicing for 20 years or for 2 years.

**RULING**

The court must determine the reasonable fees to allow counsel for the Debtor. Merely because he requested a $5,000.00 retainer does not guaranty that he may keep the $5,000.00. Complicating this analysis is the strategy developed by counsel for the Debtor and the Debtor to file the skeletal Chapter 13 because that would buy the Debtor more time to stay in her residence without paying the mortgage.

The proper analysis of this case starts with the fundamental finances of the Debtor. There was not any substantive Chapter 13 work (in the sense of operating the business and attempting to advance a plan) done in this case. The work done was really for the Chapter 7 case.

This Debtor was not the ordinary consumer Chapter 7 debtor

with no assets and significant debt. Rather, she had a sole proprietorship which is of value to her, but of no value to the Estate. She and her counsel have proceeded with a business Chapter 7 in which she recovers the business from the Estate. This recovery is accomplished by an abandonment of the business. This abandonment was quickly achieved and the consent of the Chapter 7 Trustee was stated at the hearing.

Counsel is entitled to fees for handling a straightforward sole proprietorship Chapter 7 case. Unfortunately, some of the work that counsel does in preparing the case was not done pre-petition. The case had to be filed without the work being done so that the Debtor could maximize her mortgage free time in her house. Counsel for the Debtor knowingly took the risk of leaping into a Chapter 13 case to maximize the time in a free residence for the Debtor without the information as to whether a Chapter 13 case could realistically prosecute such a reorganization.

The court finds that $3,800.00 represents the reasonable fees for the services in this case. Counsel represented the Debtor in a straightforward Chapter 7 liquidation. The business asset of this Estate is one that would be quickly abandoned by a trustee. A simple motion to abandon is all that is required. The court takes into account additional time (which Mr. Fraley estimates one hour of time) for reviewing the husband's premarital retirement benefits. Counsel for the Debtor shall pay to the Chapter 7 Trustee the remaining $1,200.00 of the retainer to the Trustee within twenty-one days of the entry of this order.

For the convenience of the parties and the court, the excerpts from the General Order currently governing Chapter 13 cases and the

7

Guideline for Attorneys' Fees in Chapter 13 Cases applicable to the instant case (highlights added by court) are attached as Appendix I.

Counsel for the Debtor expresses concern that if he is required to disburse to the Trustee any portion of the pre-petition retainer to which he is not entitled because the case was properly converted to a Chapter 7 case puts his Bankruptcy Specialist Certification at risk. Counsel states in the opposition,

> It should be noted that this motion places Mr. Fraley's Specialist Certification at risk as any disgorgement that is $1,000.00 or more requires the attorney to notify the State Bar Board of Legal Specialization within 30 days.

The court first notes that if "disgorgement" was proper, a requirement that it be reported to the State Bar or that such reporting could have a negative consequence to counsel is not a basis for ignoring bankruptcy law and debtor counsel receiving payment of the reasonable fees to which he or she is entitled under the Bankruptcy Code. In making this argument, counsel for the Debtor does not cite the court to any authority for this argument. In making arguments, all counsel should clearly cite the authority for any such arguments, or risk that the court will summarily reject arguments that materialize out of thin air.

Attached to this decision as Appendix II is an excerpt from the State Bar Standards For Certification and Recertification in Bankruptcy Law and Rules Governing the State Bar of California Program for Certifying Legal Specialists, which the court obtained from the California State Bar Web Page. The only reference to amounts over $1,000.00 being reported to the State Bar by a legal specialist are for sanctions (other than discovery) which are

8

entered against the specialist.  Rules Governing The State Bar of California Program for Certifying Legal Specialists, Section 9.3.6.

Based on all of the information available, this concern (which appears to be made out of whole-cloth) by counsel for the Debtor is ill-founded.  No sanctions are requested by, and no sanctions are being ordered by the court.  The court is not ordering that fees be "disgorged," but that counsel for the Debtor refund $1,200.00 of the pre-petition retainer he received and has been holding in trust to the Chapter 7 Trustee.

This Memorandum Opinion and Decision constitutes the findings of facts and conclusions of law in support of the order entered pursuant to this decision.  Rule 52, Federal Rules of Civil Procedure, and Rules 9014 and 7052, Federal Rules of Bankruptcy Procedure.

The court shall issue an order allowing Debtor's counsel $3,800.00 in attorneys' fees and ordering the refund of the remaining $1,200.00 of the pre-petition retainer to the Chapter 7 Trustee.

Dated: January 31, 2011

RONALD H. SARGIS, Judge
United States Bankruptcy Court

9

# APPENDIX I

10-25988-E-7 JENNIE CHIENG
DNL #2

**GENERAL ORDER 05-03**
**As Amended by General Order 08-02**

**Paragraph 4. Attorney Representation and Attorneys' Fees**

(c) Compensation paid to attorneys for the representation of debtors shall be determined according to the Guidelines for Payment of Attorneys' Fees in Chapter 13 Cases or, when the attorney elects not to comply with the Guidelines for Payment of Attorneys' Fees in Chapter 13 Cases, sections 329 and 330 of the Bankruptcy Code, FRBP 2002, 2016, and 2017, and other applicable authority.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CAliFORNIA**

**GUIDELINES FOR PAYMENT OF ATTORNEYS' FEES IN CHAPTER 13 CASES**
**(Effective in cases filed on or after October 17, 2005)**

The following are Guidelines for the circumstances under which the court will, as part of the chapter 13 plan confirmation process, approve fees of attorneys representing chapter 13 debtors.

An attorney may decline to seek approval of compensation pursuant to these Guidelines. If an attorney so declines, his or her compensation shall be disclosed, reviewed. and approved in accordance with applicable authority including, without limitation, 11 U.S.C. §§ 329 and 330, Fed. R. Bankr. P. 2002, 2016, and 2017.

**Alternatively, attorneys may have their fees approved and paid as part of the chapter 13 plan confirmation process if they comply with the following Guidelines.**

    1. Counsel may seek approval for fees in the order confirming the plan up to the amounts set forth in Paragraph 2 without filing a detailed application if:

    a)    Counsel has filed an executed copy of the "Rights and Responsibilities of Chapter 13 Debtors and Their Attorney," attached hereto; and

    b)    No objection to the requested fees has been raised.

    2. The maximum fee which can be approved through the procedure described in Paragraph 1 is: $3,500 in nonbusiness cases and $5,000 in business cases.

Case 10-25988 Filed 01/31/11 Doc 89

3. If counsel does not wish to obtain approval of fees in accordance with these Guidelines, or if an executed copy of the "Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys" is not filed, or if counsel requests fees in excess of the amounts in Paragraph 2, or if there is an objection, fees will not be automatically approved upon plan confirmation pursuant to these Guidelines. In such cases, counsel must deposit all advance payment of post-petition fees in trust, must apply for all fees, and shall comply with 11 U.S.C. §§ 329 and 330. and Fed. R. Bankr. P. 2002, 2016, and 2017...

6. **If an attorney has elected to be compensated pursuant to these guides but the case is dismissed prior to confirmation** of a plan, absent a contrary order, **the trustee shall pay to the attorney to the extent funds are available an administrative claim equal to 50% of the total fee** the debtor agreed to pay less any pre-petition retainer. **The attorney shall not collect, receive, or demand additional fees from the debtor unless authorized by the court.**

# APPENDIX II

10-25988-E-7 JENNIE CHIENG
DNL #2

**RULES GOVERNING THE STATE BAR OF CALIFORNIA**
**PROGRAM FOR CERTIFYING LEGAL SPECIALISTS**
(adopted by the Board of Governors 8/27/94; last revised effective 5/16/08)

**9.3 Evaluation Criteria**

The Commission shall consider whether the applicant has achieved recognition as having a level of competence indicating proficient performance in handling the usual matters in the specialty field and conforms his or her conduct to the California Rules of Professional Conduct. Such consideration shall be based on relevant criteria which the Commission deems appropriate to take into account prior to making its recommendation to the Board, including:

9.3.1 the applicant's work product, problem analysis, and statement of issues and analysis;

**9.3.2** felony convictions;

**9.3.3** final disciplinary actions imposed for professional misconduct by any court or body before whom the applicant appears;

**9.3.4** resignation from any bar, court or body before whom the applicant appears;

**9.3.5** three or more judgments of professional negligence filed in a 12-month period;

**9.3.6** sanctions, other than discovery sanctions, of $1,000 or more entered against the applicant by any court or body before whom the applicant appears;

**9.3.7** findings of contempt by any court or body before whom the applicant appears.

An applicant or certified specialist shall have a continuing duty to disclose the foregoing matters as provided by section 3.3 of these Rules.

In determining whether or not an attorney conforms his or her conduct to the Rules of Professional Conduct, the Commission will make an independent assessment concerning how such conduct bears on an attorney's qualification to obtain or maintain certification.

The Commission may only find an applicant to have not successfully completed independent inquiry and review on the basis of substantial and credible information received in the independent inquiry and review of the applicant.

Case 10-25988    Filed 01/31/11    Doc 89

This document does not constitute a certificate of service. The parties listed below will be served a separate copy of the attached document(s).

Gary Fraley
1401 El Camino Ave #370
Sacramento, CA 95815-2747

J. Russell Cunningham
1830 15th St
Sacramento, CA 95811

Jennie Chieng
5106 Melvin Dr
Carmichael, CA 95608

J. Michael Hopper
PO Box 73826
Davis, CA 95617

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814